**Jerry YOUNG a/k/a Ramadan, Plaintiff,**

v.

**G. FREER; K. Montgomery; Winston Gandy, Defendants.**

**No. 89–CV–962.**

United States District Court, N.D. New York.

Aug. 19, 1993.

Jerry Young, pro se.

Judith I. Ratner, Asst. Atty. Gen., Albany, for defendants.

## DECISION and ORDER

McAVOY, Chief Judge.

This matter was referred to Magistrate Judge Gustave J. DiBianco for a Report–Recommendation pursuant to a Standing Order dated August 2, 1985. Plaintiff brought this civil rights action under 42 U.S.C. § 1983 claiming a denial of due process because he was not permitted to call certain witnesses at a prison disciplinary proceeding. Plaintiff moved for partial summary judgment and defendants Freer, Montgomery, and Gandy cross-moved for partial summary judgment on the due process issue pursuant to Fed.R.Civ.P. 56. Defendant Gandy also moved for dismissal of the complaint against him pursuant to Fed.R.Civ.P. 12(b)(6), for

failure to state a claim upon which relief can be granted.

In a thorough and well-reasoned Report–Recommendation dated October 22, 1992, Magistrate Judge DiBianco analyzed the parties' contentions and recommended that plaintiff's motion be denied and that defendants' motion be granted and the complaint against defendant Gandy be dismissed. As allowed by 28 U.S.C. § 636(b)(1), plaintiff filed timely objections to the Report–Recommendation. Thus, the court reviews plaintiff's claims and objections *de novo*. *See* 28 U.S.C. § 636(b)(1).

Plaintiff makes three objections to the Report–Recommendation: (1) that Lieutenant Hoffman, one of the seven witnesses prevented from testifying by defendant Gandy,[1] was present at the incident in question, and therefore his testimony would not be redundant; (2) that defendant Gandy, as the presiding hearing officer, failed to interview the two draft officers in order to ascertain whether they observed the incident in question; and (3) that defendant Gandy abused his discretion by deciding the outcome of the hearing without permitting the plaintiff to call all the witnesses he desired.

■ Plaintiff's first objection is without merit. He asserts that Lt. Hoffman was an eyewitness to the incident[2] and, therefore, the lieutenant's testimony is important and not redundant. The Report–Recommendation clearly outlines the applicable law concerning an inmate's right to due process of law—specifically the calling of witnesses in one's defense. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses...." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2980, 41 L.Ed.2d 935 (1974); *see also Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 (2d Cir.1991) ("The Supreme Court also has suggested that a prisoner's request for a witness can be denied on the basis of irrelevance or lack of

---

1. Defendant Gandy was the presiding officer at the Tier III disciplinary action hearing in question.

2. The incident at issue involved a confrontation between plaintiff and several corrections officers. Defendant Freer, one of the corrections officers, filed a misbehavior report against plaintiff on July 5, 1989 at approximately 1:00 P.M.

necessity.") This discretion stems from the balancing between an inmate's right to present evidence and the interest of the institution. *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979; *Ponte v. Real,* 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985); *Kingsley,* 937 F.2d at 30. However, "[t]he burden is not on the inmate to prove the official's conduct was arbitrary and capricious, but upon the official to prove the rationality of the position." *Kingsley,* 937 F.2d at 30–31 (citing *Ponte,* 471 U.S. at 499, 105 S.Ct. at 2197).

In the instant case, plaintiff was not permitted to call seven out of fourteen witnesses in his defense because defendant Gandy decided their testimonies would be cumulative. Plaintiff has not put forth any valid reason for calling seven additional witnesses other than that he should have been allowed to do so in order to insure due process of law. Unfortunately, however, plaintiff has no due process right in calling an unlimited number of witnesses. Here, it is clear that defendant Gandy properly weighed the prison's interest in a timely adjudication of the hearing and its primary penological goals against plaintiff's interest in a fair adjudication. The hearing officer rationally concluded that the balance weighed in favor of not allowing plaintiff to call seven redundant witnesses as they were not compelling to the fair adjudication of the hearing.

In short, defendant Gandy has met his burden of demonstrating the rationality of his position, and his discretion should be accorded substantial deference. Plaintiff, on the other hand, has failed to show that his due process rights were denied. Therefore this court concurs with Magistrate Judge DiBianco and will not disturb his recommendation or the hearing officer's determination.

■ Plaintiff does find one error in the Report–Recommendation. Plaintiff correctly points out that Lt. Hoffman was present at the incident in question. Ratner Aff. 07/07/89, Exh. A. Meanwhile, the Report–Recommendation incorrectly states that Hoffman was not a witness and therefore would be unnecessary and redundant. The error is harmless and will not affect this motion for partial summary judgment. Whether or not Hoffman was an eyewitness

to the incident, his testimony was still properly deemed redundant and therefore unnecessary. There is no indication that his testimony would have served the needs of justice or was necessary to the fair adjudication of the disciplinary hearing. Again, plaintiff does not state a constitutional deprivation simply because he was not permitted to call cumulative witnesses.

■ Plaintiff's second objection, which is essentially the same as the first, is that Gandy should have interviewed the two draft officers to determine if they were present during, or had knowledge of, the incident. Again, as noted in the Report–Recommendation, an inmate does not have the "full panoply of due process rights afforded to defendants in criminal trials," hence an inmate's request for witnesses may be denied at the discretion of prison officials. *Wolff,* 418 U.S. at 556, 94 S.Ct. at 2975. Based on the facts of this case, the court cannot say that defendant Gandy's conduct was an abuse of discretion. Plaintiff's sole allegation is that the draft officers *could* have been present at the incident. Because it was not evident that the draft officers would testify to some relevant fact or issue not already in evidence, the hearing officer was justified in deeming them unnecessary witnesses. Again, this court will not intrude upon that determination.

Plaintiff's final objection is that defendant Gandy abused his discretion by deciding the outcome of the hearing without permitting plaintiff to call *all* the witnesses he desired. This objection is equivalent to plaintiff's first and second objections and is accordingly rejected for the same reasons. In sum, even when viewing the facts in a light most favorable to plaintiff, his broad assertion that he was denied the right to call seven of fourteen witnesses does not rise to the level of a due process violation.

For the reasons discussed above, it is hereby

**ORDERED,** that Magistrate Judge DiBianco's Report–Recommendation is adopted; and it is further

**ORDERED,** that plaintiff's motion for partial summary judgment is denied; and it is further

**ORDERED,** that defendants' cross-motion for partial summary judgment is granted as to the due process issue, and the complaint is dismissed in its entirety as to defendant Gandy.